254 P.2d 802

**SMITH v. BAUMANN.**

No. 5570.

Supreme Court of Arizona.

March 23, 1953.

Udall & Peterson, of Safford, for appellant.

Max T. Layton, of Safford, for appellee.

STANFORD, Chief Justice.

Appellee, Edward W. Baumann, brought an action for damages or the return of his automobile against appellant, E. D. Smith, in the lower court. Appellant answered the charge by asserting that he had made a loan in the amount of $180 to the appellee, no part of which had been repaid, and that appellee had pledged the automobile as security for this loan.

The lower court gave judgment for the appellee for the possession of his car, and it is from this judgment that appellant appeals.

Under the authority of Section 21–1830, A.C.A.1939, an agreed statement of the facts has been presented to this court by the parties.

The facts giving rise to the instant case are as follows: Appellant and appellee were present at a gambling establishment when appellee asked appellant for a loan of money to enable appellee to enter a game in which appellant and others were engaged. Appellant agreed to loan appellee some money,

and in return appellee gave the keys to his car to appellant as security for said loan. Appellant loaned appellee money several times during the course of the game until $180 had been loaned, and then appellant refused to loan any more money. Appellant retained appellee's car in his possession until some time later when appellee took possession of the car without appellant's consent. Before this action was commenced the appellant recovered the car from appellee without the latter's consent.

Appellant alleges that the lower court erred in entering judgment for the appellee because such judgment, in view of the facts of the case, is "contrary to the law, public policy, and good morals of the State of Arizona." In support of this assignment, the appellant sets forth the proposition that both parties to this action being in pari delicto, the court should not assist either party but should leave them in the position they have placed themselves.

We point out, however, that appellee, in suing to recover his car, was not in any way relying upon any rights arising out of the gambling transaction. As the lawful owner of the car, appellee was suing to recover possession of his car or for damages for its conversion and alleging that appellant was not in lawful possession of the car. Appellant, in defending his right to possession of the car, is raising the matter of the gambling transaction. The fact that at some time in the past the appellant acquired possession of the car as a result of a loan to be used in gambling is of no consequence in determining who is presently entitled to lawful possession of the car. Appellee had obtained possession of the car when appellant surreptitiously retook possession without any authority in law, and with the intention of holding it as security for the original gambling debt. Appellant had no right to take possession of the car the second time, and he could not defend such possession on the ground he legally held it as security. Were this court to leave the parties as they now stand, we would be encouraging further acts by both parties which might result in a breach of the peace.

We hold that the trial court was correct in ordering the return of the car to appellee, and that appellant was not entitled to relief in this action. However, we do not agree with the theory of the trial court as set forth in the Order for Judgment. We do not believe that the gambling transaction was the primary issue in this case as apparently the trial court felt it was when rendering his order, but that such transaction was merely a historical fact tending to explain the circumstances leading to the conversion of the appellee's car by appellant, but in no way justifying such conversion.

Judgment affirmed.

PHELPS, LA PRADE, UDALL and WINDES, JJ., concur.